***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Berger and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order except for minor modifications. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Berger with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Commission, and the Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to mis-joinder or non-joinder of the parties.
3. The incident that is the subject of this tort claim occurred on August 4, 2000, at about 10:45 p.m., when plaintiff was traveling on Old Stage Road in Wake County.
 *********** EXHIBITS
1. An estimate proposal for the damages plaintiff sustained to her vehicle was marked as plaintiff's exhibit 1 and received into evidence.
2. The bill for the wrecker service was marked as plaintiff's exhibit 2 and received into evidence
3. The bill for plaintiff's tire damage was marked as plaintiff's exhibit 3 and received into evidence.
4. The emergency room medical bill was marked as plaintiff's exhibit 4 and received into evidence.
5. A statement by plaintiff was marked as plaintiff's exhibit 5 and received into evidence.
6. An affidavit by plaintiff was marked as plaintiff's exhibit 6 and received into evidence.
7. Defendant's responses to plaintiff's set of interrogatories were marked as plaintiff's exhibit 7 and received into evidence.
8. An accident report was marked as defendant's exhibit 1 and received into evidence.
9. Photographs marked as defendant's exhibits 2 through 8 were received into evidence.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On Thursday, August 3, 2000, a portion of the right shoulder on Old Stage Road in Raleigh, North Carolina, was washed away as a result of flooding from rainfall.
2. On August 3, 2000, Department of Transportation employees, including crew leader Sherwood Jones, under the supervision of road maintenance supervisor Jack Rollins, repaired the right shoulder described above by putting down ABC gravel in the area where the right shoulder had washed away. Mr. Rollins did not direct the crew to place asphalt in this area because it was the middle of the night and there was no asphalt available.
3. During the day on Friday, August 4, 2003, Mr. Rollins inspected the repair work done to the right shoulder described above on Old Stage Road and determined that the road was intact. Despite knowing that that this area had washed away the night before, and knowing that the placement of asphalt would prevent it from washing away, Mr. Rollins made no attempt to repair the shoulder with the use of asphalt during the day of August 4, 2003.
4. On the night of August 4, 2003, Mr. Rollins returned to the location where the right shoulder had been repaired the night before. Mr. Rollins was concerned the shoulder might wash out again because of continued flooding that evening. Despite knowing that there was a reasonable risk that the shoulder might wash out, Mr. Rollins neither directed the placement of any warning signs in advance of the right shoulder to warn motorists that the flooding could cause the shoulder of the road to wash away, nor did he close the road.
5. The Department of Transportation had placed a permanent sign on Old Stage Road warning motorists of flooding.
6. On the night of Friday, August 4, 2003, Sherwood Jones helped place two signs with the warning "high water" in advance of the portion of Old Stage Road that was experiencing flooding that evening. These warnings were placed so that motorists would not speed through the flooded area, and were not placed to warn motorists that there was a risk that the shoulder of the road might be washed away.
7. On the evening of August 4, 2003, Mr. Jones stayed at the location where the right shoulder had been repaired and waited for the rain to quit so he and the employees he supervised could determine whether the right shoulder had washed out again. Mr. Jones determined that the right shoulder had washed out in the same general area where he had directed gravel to be placed the night before. After concluding the shoulder had again washed out, Mr. Jones witnessed plaintiff's vehicle as it veered off the right shoulder of the road and down into a hole where it got stuck.
8. Before the plaintiff's vehicle veered off the road, both Mr. Rollins and Mr. Jones had knowledge of the risk that the right shoulder had again washed out. Neither Mr. Rollins nor Mr. Jones communicated this concern to Jerry Linder, the county maintenance supervisor, who had the authority to close down the passageway on Old Stage Road where plaintiff sustained her vehicular accident.
9. Both Mr. Rollins and Mr. Jones had a duty to maintain the highway shoulder in a reasonably safe condition. Both knew that there was a risk that the right shoulder had washed away the night following repairs, but failed to take any measures to warn motorists of this risk. Both knew or should have known that the continued flooding made unsafe the passage across the right shoulder where plaintiff sustained her accident. Furthermore, both took no action to obtain authority to close down the road from Mr. Linder. Both Mr. Rollins and Mr. Jones breached their duty to maintain the highway shoulder in a reasonably safe condition by permitting the plaintiff to travel through the flooded area on Old Stage Road on the evening of August 4, 2000.
10. As a proximate result of the failure of Mr. Rollins and Mr. Jones to provide a warning of the risk that there was no shoulder on Old Stage Road where flooding was occurring on the night of August 4, 2003, and/or their failure to obtain permission to close down the road until asphalt could be placed on the area where gravel had been temporarily placed, plaintiff sustained damages to her 1994 Silverado Chevrolet pickup truck in the amount of $679.00. Plaintiff also had to incur the costs of wrecker services in the amount of $130.00, and a repair to one of her tires in the amount of $34.95.
11. As a proximate result of the failure of Mr. Rollins and Mr. Jones to provide a warning of the risk that there was no shoulder on Old Stage Road where flooding was occurring on the night of August 4, 2003, and/or their failure to obtain permission to close down the road until repairs could be made, plaintiff injured her left ankle. Plaintiff went to an emergency room on August 10, 2000, to have her ankle examined. While it was recommended that plaintiff undergo an x-ray, she declined to receive such treatment because she did not have health insurance. It took approximately three months for plaintiff's left ankle to heal. She used crutches for approximately one month and hobbled on the ball of her heel for two more months.
12. The Full Commission finds that plaintiff suffered damages for her wrecked vehicle, medical expenses, and pain and suffering, in the amount of $3,000.00.
13. The Full Commission finds that defendant did not prove by the greater weight of the evidence that plaintiff was contributorily negligent. Plaintiff traveled through the flooded area at a reasonable speed, following another vehicle. Both her vehicle and the vehicle she was following were allowed to proceed, despite the presence of defendant's road crew who knew that the shoulder had likely washed out again that night.
 ***********
Based upon the foregoing findings of facts, the Full Commission also reaches the following:
 CONCLUSIONS OF LAW
1. The breach of duty by Jack Rollins and Sherwood Jones was a proximate cause of injuries and damage to plaintiff in the amount of $3,000.00. N.C. Gen. Stat. § 143-291.
2. Plaintiff is entitled to recover $3,000.00 from Defendant North Carolina Department of Transportation. Id.
 *********** ORDER
1. Defendant North Carolina Department of Transportation shall pay or cause to be paid the sum of $3,000.00 to plaintiff.
2. Defendant shall pay the costs.
This 22nd day of June 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER